## GREEN FOSTER vs. THE STATE.

1. LARCENY :    *Recent possession of stolen goods.    Presumption of guilt.*
   The court review at length the various modifications and relaxations of the rule as to the presumption of guilt arising from "recent possession" of stolen goods, and announce as the well-settled doctrine in this state that the possession of stolen property recently after the theft is *prima facie* evidence that the possessor is guilty of the larceny.    The possession raises a presumption which calls upon the accused for explanation, and casts upon him the burden of accounting for the possession.    But, in order that the presumption may have this effect, it must be so recent after the larceny as to show that the accused could not well have come by the goods otherwise than by stealing them.    This presumption may be rebutted by showing an honest acquisition of the goods, or may be overcome by all the attending circumstances disclosed in the testimony.

2. SAME:  SAME.
   In arriving at a conclusion the jury should apply to the solution of the problem the common experience and observations of life, and it is for them to say whether they are satisfied, from all the attending circumstances and other facts in evidence, that the possession was honest or felonious.    The conduct of the accused at the time he was found in possession, his explanation of how he came by the goods, his subsequent conduct, his good character, are all legitimate subjects of proof, and will seldom fail to enable the jury to draw a correct conclusion.

3. SAME: *Newly discovered evidence.*

An affidavit of the accused was filed with the motion for a new trial, stating that since the trial he had discovered evidence which would enable him to prove that the stolen property did not belong to the owner, as laid in the indictment, but was the property of another. *Held,* that this evidence did not or could not relieve the accused of the crime of larceny, and that if the fact, as stated, had been proved on the trial, the indictment could have been amended under ¿ 2799 of Code of 1871.

ERROR to the Circuit Court of *Madison* County.

Hon. S. S. CALHOUN, Judge.

The facts in this case, and the instructions commented upon, are stated in the opinion of the court.

Errors are assigned as follows :

1. The court erred in granting the 1st instruction for the state.

2. In refusing the 3d instruction for the defendant.

3. In qualifying the 3d instruction asked by the defendant.

4. In overruling the motion for a new trial.

*F. B. Pratt*, for plaintiff in error :

The 1st instruction for the state is erroneous in this : it instructs the jury that the burden of proof is upon the defendant to show, by evidence, that he came honestly by the cow which was stolen and traced to his possession. The true rule is, if recently stolen property is traced to or found in the possession of defendant, and he gives no *reasonable account of how* he came by the property, such possession is *prima facie* evidence of his guilt, and he must show by evidence on the trial that he came honestly by it ; but if it appears that, while in possession of the property, he gave an account of the same, not unreasonable in itself, and not inconsistent with all the other facts and circumstances of the case, the burden of proof is then upon the state to show that the account was false.

It is shown that the defendant, when in the possession of the cow and about to sell her, said he purchased her from a person in the neighborhood, by the name of George Gallaway. This account was reasonable, and this threw the burden upon the state to show that the statement was false. Bish. Cr.

Pr., § 740; Regina *v.* Exal, 4 F. & F.; Conkwright *v.* People, 35 Ill., 204; Jones *v.* The State, 30 Miss., 654; Davis *v.* The State, 50 ib., 96.

. The 3d instruction for the defendant should have been given, as asked.

*G. E. Harris,* Attorney General, for the State:

The possessor of goods recently stolen must account for his possession. Presumptions arising from such recent possession warrant a verdict. Belote *v.* The State, 36 Miss., 97; Jones *v.* The State, 30 ib., 653; Nuger *v.* The State, 42 ib., 642; Davis *v.* The State, 50 ib., 91. The question is very fully discussed in Davis' case, *supra.*

As to the 3d instruction asked by the state, and modified by the court, I need only refer to it. Whatever the language or acts of the accused, the court could not instruct as to what it *tended to prove.*

As to the newly discovered testimony, if true, it only shows that he did not steal the cow from Thompson, but from another person. If that had been proved on the trial the indictment could have been amended. Code of 1871, § 2799.

SIMRALL, C. J., delivered the opinion of the court.

It has been most strenuously argued at the bar that as the accused, Green Foster, stated at the time he was found in possession of the stolen property, that he had bought it from one Gallaway, the burden of proving the falsity of the statement devolved upon the state, and not, as insisted, having done so, the conviction is wrong.

We have thought it necessary to examine the state of the law as to the criminating effect of the possession of stolen property. The rule, as laid down in the books, is to this effect: The possession of stolen property by the accused, recently after the theft, is *prima facie* evidence that he is guilty of the larceny.

. Phillips says that such possession " calls upon the defendant for his defense, and may be sufficient if no facts appear in

evidence to repel that presumption." 1 Phillips on Ev., 634; Cowen, Hill, and Edwards' notes.

Starkie says the effect of this evidence "is to throw upon the prisoner the burden of accounting for the possession, and, in default, to raise a presumption that he took the goods." 4 Starkie on Ev., 840.

In Jones' case, 12 Ill., 259, it is said the presumption arises unless the defendant make a satisfactory account of his possession.

- In Millard's case, 1 Mass., 5, 6, "the recent possession was said to be presumptive, not only that the accused stole all the goods (part being found on him), but also of breaking and entering the shop, unless the defendant would give some reasonable account of how he came by them."

The rule as stated by Russell is, "it is incumbent on the person so found in possession to prove how he came by the goods; otherwise the presumption is that he obtained them feloniously." Russell on Crimes (4th ed.), 337, margin 123.

Greenleaf, in 1st vol. of Evidence, § 34, says, "if such possession is unexplained, either by direct evidence, by the attending circumstances, by the habits of life, or character of the prisoner, it is taken as conclusive." In Hughes' case, 8 Humph., 78, 79, the rule is stated in the exact language used by Greenleaf. Professor Greenleaf, in his 3d volume, modifies the rule, referring to Best on Presumptions and Allison's Principles of Criminal Law of Scotland. But they hardly sustain him. Allison says "it is a circumstance that most strongly militates against the person," unless explained by him in some way consistent with his innocence.

Burrell, in his treatise on Circumstantial Evidence, says "the possession raises such presumption as to throw upon the prisoner the burden of showing how he came by it," etc. Remarking on the rule in Brien's case, 34 Mo., 541, the court say "that the presumption may be overcome in various ways, as by the proof of good character, which has been held sufficient in itself in the absence of corroborating circumstances."

The effect of recent possession, or the strength of the pre-sumption which it raises, will depend on the kind of property, and all the various circumstances surrounding the case. Gray's case, 37 Mo., 465.

In Knickerbocker's case, 43 N. Y., 179, the court sustained the charge of the *nisi prius* court, to the effect "that when the state had proved recent possession in the accused he is called upon to explain how he obtained the property."

The authorities are not, it is proper to say, harmonious on this point. In Garcia's case, 25 Texas, 210, it was held that the burden of explanatory testimony is not thrown upon the accused, unless the explanation is "unreasonable or improbable." But if natural and probable, and satisfactorily accounts for the property, as a general principle it devolves on the state to show that it is false. In support of that doc-trine the court refers to Crownhurst's State Cases, 47 Eng. C. L., 570, where ALDERSON, B., charged the jury that "if the prisoner gives a reasonable account of how he came by the possession, as by telling the name of the person from whom he received it, and who is known to be a real person, it is incumbent on the prosecution to show that the account is false; but if the account be unreasonable or improbable on the face of it, the *onus* of proving its truth lies on him." The report of the case shows that the "account" of which the learned baron was speaking was "given to those who found him in possession of the property."

In California there has been a modification of what we have seen is the current and weight of authority. In Antonio's case, 27 Cal., 407, after quoting the rule laid down by Whar-ton, 2 Whart. Cr. Law, § 1777, "that the possession of property recently stolen is *prima facie* evidence of guilt in the possessor," etc., the court say that the rule has been modified in that state. The extent of the relaxation was stated in Ah Ki's case, 20 Cal., 177. If, instead of telling the jury that such possession was *prima facie* evidence of guilt, the charge could "be understood as only stating that the accused was

bound to explain the possession, in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, it would not be erroneous."

As said by the court, in the case cited from (43 N. Y.), the class of authorities which justify a presumption of guilt from possession require two conditions:

1. That the possession shall be recent after the theft; and,

2. That it shall be exclusive in the defendant; that is to say, the goods must be in such wise in the exclusive control and dominion of the accused as to exclude the idea that some other person may have left them where they were found.

It must be borne in mind that there are degrees in the force of presumptions, as expressed in Engleman's case, 2 Carter, Ind., 967. The strength of the presumption must be considered in connection with the character of the property, "the explanation, or want of it, and all attending circumstances."

In Gregory v. Richards, 8 Jones (N. C.), 413, speaking of the criminating effect of possession, the court say: "Recent possession casts on the accused the burden of explaining it—that is, when the *theft is so recent* that the accused could hardly have got the goods except by theft. All other possessions are facts merely to be considered, and do not raise such presumptions." In the later case, in the same state, of Turner v. State, 65 N. C., 593, it is said when such recent possession has been proved the state need not show any other suspicious circumstances. "The presumption may be rebutted by defendant, by showing an honest acquisition of the goods."

This question has been several times considered in this state.

In Belote's case, 36 Miss., 120, this instruction was approved: "If the evidence satisfy the jury that Stout lost bank bills, and that they or any part of them had been found in defendant's possession shortly after, in the absence of other evidence proving how defendant came into possession, they will find him guilty."

Commenting on this charge, the court say: "If the party in

whose possession the (goods) are found, fails satisfactorily to account for his possession, the presumption * * * will stand."

In Unger's case, 42 Miss., 650, 651, it is said such evidence is " sufficient to make out a *prima facie* case proper to be left to the jury, and, without opposing testimony, would be sufficient to sustain a verdict of guilty." In the earlier case of Jones *v.* The State, 30 Miss., 654, 655, the rule is distinctly recognized as stated in Belote's and Unger's cases, but circumstances in the testimony are referred to which are held to be sufficient to overcome the presumption and to explain the possession. The case of Crownhurst, 47 Eng. C. L. is referred to, and the doctrine of it stated.

In Davis' case, 50 Miss., 97, the opinion turned mainly on the point that the possession by the accused, eleven months after the theft, was not such *recent* possession as would authorize the presumption of guilt, or perhaps, rather, this long time was not presented in the instructions, so as to direct the attention of the jury to it as a serious fact. (See p. 101.)

The controversy was not so much with the instruction, as an abstract proposition, as that it did not conform to the proved facts, and was calculated to mislead.

From this review of the authorities we think the principle is too firmly settled in our jurisprudence to be now shaken and brought into doubt, that the possession of stolen property, recently after the theft, raises a presumption of guilt, unless all the attending circumstances disclosed in the testimony overcome it. But, in order that possession may have that effect, it must be so recent after the larceny as " to show that the accused could not well have come by the goods otherwise than by stealing them himself."

A possession *not recent*—as in Davis' case, eleven months after the theft, is too weak a fact to raise the presumption; nevertheless it is a circumstance, in connection with others, to be considered of by the jury. Any statements or explanations made by the accused at the *time* he is found in possession must

also be estimated by the jury, and may be so reasonable and probable, in connection with other circumstances, as to greatly weaken the force of the presumption or entirely overcome it.

It is always a question for the jury, applying to the solution of the problem the common experiences and observations of life, whether they are satisfied, from all the attending circumstances and other facts in evidence, that the possession was honest or felonious. The conduct of the accused at the time he was found in possession, his explanation of how he came by it, his subsequent conduct, his good character, are legitimate subjects of proof, and will seldom fail to enable the jury to draw a proper deduction and conclusion. That such a rule has so long existed in the law is persuasive of its necessity and propriety. It has been wisely said: "This rule, founded on the necessity of the case, which cannot admit offenses of this kind to go unpunished, whenever direct evidence is wanting of the guilt of a party, will seldom lead to a wrong conclusion, if due attention is paid to the particular circumstances by which the presumption may be greatly weakened or entirely overcome."

The instruction for the state assigned to be erroneous is compounded of one declared in 36 Miss. to be good law, and a comment of the court upon it. It is as follows: "If the jury believe from the evidence that James Madison had charge of the cow of Lewis Thompson, and that the cow was in the old field in front of J. C. Henry's house, on the range, and Green Foster drove her up to J. C. Henry's house, and claimed her as his own and sold her to Mr. Henry, recently after the cow was stolen (if the jury believe her to have been stolen), it is incumbent on Green Foster to account satisfactorily for the possession of the cow, from all the evidence in the cause," etc.

It is manifest that the accused had the advantage of all the exculpatory testimony, for their attention was directed to every feature of it by the court, at his instance.

They were told, in the charge, if they had any reasonable

doubt, arising "from want of evidence, as to whether the cow may not have been sold by the owner, they will acquit."

They were also informed "that if they believe   *   *   * that the cow was stolen by some one, and further believe that afterward the same cow was sold by defendant to Henry, yet if they have any reasonable doubt as to whether the defendant may not have bought the cow of George Gallaway, they will acquit."

The last instruction asked by the accused might properly have been given, but the modification by the court did not make it erroneous.

As said in Mask's case, 36 Miss., 94: "Whilst it may be impolitic, as a general rule, for the court unnecessarily to interfere to modify instructions for the defendant, drawn with legal accuracy,   *   *   *   yet this is a matter of discretion and taste, so long as they properly declare the law given in charge."

It has been repeatedly declared that it was the duty of the court to give in charge to the jury its conceptions of the law on all the points embraced in the written requests, and, that the duty may be fairly and consistently performed, the court must have the right to alter and modify the written requests.

In this case the mind of the jury was specially referred, on the motion of the accused, to every circumstance relied upon as exculpatory, or explanatory of his connection with the property.

In the instruction for the state complained of, in general terms the jury were told to consider all the evidence before them in determining whether the presumption was overcome or not. The testimony bearing on the point was the statement of the accused as to how he came by the cow, to wit, that he had bought her, his removing to Jackson, and there openly, etc. The jury, as we must suppose, after weighing all these matters, responded that the accused was guilty.

A new trial was not asked on the ground that the verdict

was contrary to the evidence, but because of newly discovered evidence.

The motion is supported by the affidavit of Green Foster, that he has discovered, since the trial, that the cow was not the property of Lewis Thompson, but of Mrs. E. H. Taney. The attorneys for the accused also made affidavit that such fact they verily believe can be proved.

It will be observed that this showing does not relieve or tend to relieve Green Foster of the accusation of the larceny, taking it to be true that Foster has stolen the property of Mrs. Taney, and not of Lewis Thompson.

If the matters set forth in Foster's affidavit had been sworn to on the trial, the indictment could have been amended so as to conform to the testimony under § 2799 of the Code.

There is no error. Judgment is affirmed.