## MORRIS PAYNE *v.* THE STATE.

1. LARCENY. *Possession of the property. Explanation of accused.*
   The explanation made by a person contemporaneously with, or when first required by the circumstances to account for, his recent possession of stolen property is admissible in evidence to rebut the presumption of guilt arising therefrom.
2. SAME. *Weight of the evidence. State's failure to disprove explanation.*
   If the State fails to rebut the explanation when the means of doing so is peculiarly within its power, the jury should give it such weight as its inherent probability, with such failure, entitles it to receive.

ERROR to the Circuit Court of Adams County.

Hon. RALPH NORTH, Judge.

*M. Green,* for the plaintiff in error.

As it was incumbent on the accused to explain the character of his possession, no better evidence could have been given than his acts and language at the time. It is not contended that the declarations are competent so much on the ground of *res gestæ* as that they disprove the criminal intent.

*T. C. Catchings*, Attorney General, for the State.

The declarations made by the accused to the witnesses were properly excluded from the evidence, because they were no part of the *res gestæ*. *Scaggs* v. *State*, 8 S. & M. 722 ; 1 Wharton Crim. Law, § 699.

CHALMERS, J., delivered the opinion of the court.

The plaintiff in error was convicted of stealing a cow. He complains of the exclusion of testimony offered by him. He sold the cow to a butcher in Natchez, shortly after daylight on Saturday morning. During Saturday, the animal was missed by its owner, and search was made for it ; but whether the plaintiff in error knew this is not shown. On Sunday morning, the plaintiff in error appeared in Natchez, went to the butcher, and, ascertaining that the animal had not been slaughtered, instructed that it should not be, stating that he had taken it by mistake for one of his own, and intended to notify the owner, and surrender the money. The same evening he did notify the owner, and gave him an order on the butcher for the cow, and the next morning went with him to the butcher and saw the animal surrendered. It was proved by several witnesses, among them the owner of the cow alleged to have been stolen, that the plaintiff in error himself owned a cow so strikingly similar to the one in question that it was difficult in the daytime, and impossible at night, to distinguish the two animals. All the witnesses — those for the State as well as those for the defence — testified to the previous good character of the accused.

The court below admitted evidence of the fact that the accused notified the owner of the whereabouts of the cow, and went with him to reclaim it, but excluded every thing said by him in explanation of how he came to take it, and excluded also his directions that the cow should not be slaughtered. We think this was erroneous. Recent possession of stolen property raises a presumption of guilt; but it is competent in rebuttal to give in evidence the explanations offered by the party to account for his possession, if contemporaneous with it, or offered at a time when he is first called upon by the circumstances of the case to make such explanation. It is

sometimes said that, if the explanation is reasonable, it devolves upon the State the burden of disproving it, and if the State fails to meet it, the prisoner is entitled to a verdict of acquittal. The better rule is to admit the explanation, allowing the jury to give it such weight as its inherent probability, coupled with the failure of the State to disprove it, where the means of doing so lie peculiarly within its power, may in their judgment entitle it to. *Foster* v. *State*, 52 Miss. 695. The explanations of the accused in this case seem to have been given as soon as, or perhaps before, he heard of the search for the missing cow. They should have been submitted to the jury, to be given such weight as they chose to attach to them.                      *Reversed and new trial awarded.*