70  401<br>85  156

## HARRISON JONES ET AL. *v.* THE STATE.

1. EVIDENCE.  *Dying declaration.  Credit of.  Circumstances.*

     On a murder trial it is proper to instruct that the jury may consider all the circumstances under which a dying declaration in evidence was made, and give it such credit as the jury may think it fairly entitled to in the light of all the evidence, as in case of the testimony of a witness.

2. INSTRUCTION.  *Murder.  Conviction of manslaughter.*

     One tried for murder, but convicted of manslaughter only, cannot complain of a charge, warranted by the evidence, instructing the jury as to a conviction for murder.

3. INSTRUCTION.  *Murder.  Joint design to kill.*

     On the trial of two persons for murder, an instruction that if they, or either of them, shot and killed deceased, and that before, or at the time, the shots were fired defendants had formed in their minds a premeditated design to kill deceased, and that the shots were fired in furtherance of such design, without legal excuse, they should be convicted of murder, though subject to criticism, by fair construction means the same as if the language had been "if defendants, *together or jointly*, had formed the design." *Brabston* v. *State*, 68 Miss., 208, distinguished.

FROM the circuit court of the second district of Panola county.

HON. JAMES T. FANT, Judge.

Appellants, Harrison and Grant Jones, were jointly indicted for the murder of John Phelps, and, being tried therefor, were convicted of manslaughter.   They made a motion for a new trial, which was overruled.   Hence this appeal.

There was evidence to show that the shooting between Harrison Jones and deceased began in a room, suddenly and unexpectedly, when Grant Jones was not present, and probably did not know what was going on; but that he went into the room and continued the shooting already commenced by his brother. The deceased received several wounds, one of which proved fatal. It was not shown, and probably could not be certainly known, which of the defendants fired the fatal shot.

The opinion contains a further statement of the case.

*Stone & Lowrey*, for appellants,

As to the question decided by the court, made the following points:

1. Defendants' instruction, which was refused, should have been given. *Nelms* v. *State*, 13 Smed. & M., 500; *Lambeth* v. *State*, 23 Miss., 322. The modified instruction, as given by the court, was an attempt to break the force of the instruction as asked. And this effort may have been successful. The instruction told the jury that in determining the credit to be given the dying declaration, not only the circumstances under which it was made should be considered, but all the other evidence in the case should be looked to. The other evidence could shed no light on the declaration. It does not tend to show that the declaration was made, or that the witnesses fully understood deceased when made. It relieves the declaration from that intrinsic weakness which the law attaches to it. Evidence in support of other facts could not give additional weight to the declaration.

2. The ninth instruction given for the state is fatally erroneous. *Brabston* v. *State*, 68 Miss., 208. Under this instruction it was not necessary that the defendants together had formed a design to kill. If there was no conspiracy or concert of action between the defendants, and one of them of his own mind entered the fight, and killed the deceased, how can the other be guilty of murder? The evidence shows no con-

spiracy; on the other hand, the shooting began suddenly and unexpectedly, when one of the defendants was not in the room, and did not know what was going on. Suppose one of them entered the fight under such circumstances as would make the killing by him murder, but entered entirely upon his own responsibility, and not in concert with the other defendant. Would such other defendant be guilty of murder? Under this instruction we have both appellants entering the fight with the premeditated design on their respective parts to take the life of deceased, and each shooting in furtherance of the design, and the jury is instructed to convict if they believe that defendants, or either of them, killed deceased. The fact that defendants were convicted of manslaughter instead of murder under this charge makes no difference. The verdict was probably the result of an effort to escape the harsh and unreasonable rule announced. On this point see *Hawthorne* v. *State*, 58 Miss., 778.

*T. M. Miller*, attorney-general, for the state.

1. If defendants had been convicted of murder, the error in the instructions complained of might be admitted; but, as the verdict was manslaughter only, this instruction had no prejudicial effect.

2. The real question in the case is whether, on the evidence, either of the defendants could be convicted, it not being known which fired the fatal shot. Grant Jones went into the room, and continued the shooting already commenced by his brother, and the deceased was killed. At common law, as this writer undertook to show in *Brabston* v. *State*, 68 Miss., 208, both defendants would be guilty of murder. There is nothing to prevent the application of the rule of the common law in such case. Shall it be held that neither defendant can be convicted? Is it not sufficient that they *continued* to act together? It will not be necessary to overrule the *Brabston Case* to sustain this most rightful conviction.

Woods, J., delivered the opinion of the court.

The action of the trial court in refusing to instruct the jury for the appellants as prayed in their charge marked No. 10, and in giving it in its modified form in No. 9, was not error. If the charge as to the dying declaration was to be given at all, the learned judge properly qualified its mere legal abstractions by telling the jury that they were to look at all the circumstances under which the dying declaration was made, and give it such credit as the jury might think it fairly entitled to in the light of all the evidence in the case. This is the general rule for examining and weighing evidence. A living witness is corroborated and supported by the other evidence, perhaps, or he is refuted and discredited by the other evidence, and, in both cases, the jury should look at all the evidence to determine the weight of the testimony of the particular witness. We are aware of no reason why a dying declaration should not be looked at likewise through the medium of the concentrated light of all the evidence.

The appellants are in the enviable attitude of persons shut off from complaint because of the court's action in giving the ninth instruction for the state. That instruction warranted the jury in bringing a verdict of guilty as charged against both defendants. The state's proof fully warranted such a verdict also; yet, the jury did not convict of murder, but of manslaughter only. The jury was told by the instruction that it might convict of murder. The verdict was for manslaughter, and there is no room for complaint, at least on the part of the appellants. This is sufficient answer to the assignment of error on this point, but we do not choose to rest our opinion wholly upon it. The instruction is, unfortunately, not drawn with that exactness of verbal expression which leaves no ground for criticism; and yet, the legal principle is defined with fullness enough, and the language employed in the definition is perspicuous enough to leave no doubt as to what was really meant.

The instruction, in its concluding part, to which objection is taken, is: "If you believe from the evidence, beyond a reasonable doubt, that the defendants, or either of them, feloniously shot and killed the deceased as charged in the indictment, and that, before or at the time the shots were fired, the defendants had formed in their minds a premeditated design to take the life of the deceased, and that the shots were fired in furtherance of such design, and without justifiable cause or legal excuse, then you should find them guilty of murder." The meaning would be free from all misconception if the charge had said: "If the defendants together," or "the defendants jointly," or "the defendants unitedly," had formed in their minds a design to take the life of the deceased, etc. But, by any fair construction, this must be held to be the meaning of the charge as it appears in the record. It was one design formed by the defendants —both of the defendants—in their minds, not in the mind of each separately and without connection or agreement with the other. It was a common design formed by the two men, and not the independent resolution of individuals, acting alone and without agreement. It was the same design formed by both, not by each for himself, and in the minds of both, and not in the mind of each as an independent purpose.

Viewed in this light, it is not at all in conflict with the opinion of this court in the case of *Brabston* v. *State,* 68 Miss. The cases are widely different in their facts, and the instructions condemned by us in that case bear no real resemblance to the instruction which we are asked to repudiate in the case at bar. Neither on the law nor the facts are the two cases to be confounded by the legal mind.

All other assignments are so clearly non-maintainable that we decline to do more than say we find no error in the record.

*Affirmed.*