LOUIS RILEY v. STATE.

[60 South. 725.]

LARCENY.  *Evidence.  Sufficiency.  Peremptory instruction.*

On the trial of a party indicted for grand larceny the evidence as shown in the opinion of the court in this case was insufficient for conviction and the court below should have given a peremptory instruction for the defendant.

APPEAL from the circuit court of Leake county.
HON. C. L. DOBBS, Judge.

Louis Riley was convicted of grand larceny and appeals.

The facts are fully stated in the opinion of the court.

*W. T. Triplett,* attorney for appellant.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

REED, J., delivered the opinion of the court.

Appellant was convicted of grand larceny, and sentenced to three years in the penitentiary. He was charged with stealing sixty dollars from J. W. Pope. The refusal of the trial court to give a peremptory instruction for defendant is assigned as error.

It appears that J. W. Pope left a pocketbook containing sixty dollars in currency and two dollars and fifty cents in silver on a desk in his store one morning. The next morning he missed the pocketbook. Appellant was in the store after the pocketbook was left on the desk. It appears that several other persons were in the store between the time when the pocketbook was left on the desk and when he missed it. It will therefore be seen that other persons besides appellant had the opportunity

to steal the money. The evidence shows that, shortly after Mr. Pope lost his money, appellant bought a pistol from a neighbor for thirteen dollars, paying a ten dollar bill and three dollars in silver. Another witness testified that he saw appellant about this time with a five dollar bill. There is testimony to show that appellant had been engaged in work, and that he had been paid cash to the amount of fifteen dollars or more for the balance due on his work during the year prior to the loss by Mr. Pope. Appellant testified that he obtained the money with which to purchase the pistol from his parents and a brother, and that he bought the pistol for his mother. He also stated that he had gotten from his people about nineteen dollars. In answer to a question as to whether he had ever been convicted of a crime, appellant admitted that he had served a term.of one year in the penitentiary for stealing money.

It seems clear to us that there was not sufficient evidence to support a verdict of guilty. The facts testified to amount only to a suspicion against appellant, and were.not enough to convict him of the crime charged. It will be noted that, while he may have had opportunity to take the money from Mr. Pope, so had others; in fact, it is brought out in the examination that Mr. Pope did suspect, too, another party. Even though this unfortunate man was an ex-convict, and had served .a term in the penitentiary for stealing, still in this case it was necessary to prove by sufficient legal testimony his guilt of the charge made against him before a conviction should be permitted to stand. The trial court should have granted the peremptory instruction to find appellant not guilty.

The case is reversed, and appellant is discharged.

*Reversed.*