CRABB *et al. v.* STATE.*

(Division B.   Feb. 18, 1929.)

[120 So. 569.   No. 27672.]

---

*Corpus Juris-Cyc. References: Criminal Law, 16 CJ, section 1514, p. 736, n. 50; Larceny, 36CJ, section 483, p. 904, n. 37; On proof of *corpus delicti* in larceny, see 68 L. R. A. 54; 28 L. R. A. (N. S.) 536; 17 R. C. L. 64; 3 R. C. L. Supp. 637; 4 R. C. L. Supp. 1109; 5 R. C. L. Supp. 933.

*Friday & Windham,* for appellants.

*Rufus Creekmore,* Assistant Atorney-General, *J. A. Cunningham,* and *J. S. Finch,* for the state.

Ethridge, P. J.   The appellants were indicted for the theft of a hog belonging to J. A. Cunningham, and were tried and convicted of that offense.

It appears that on the night of the 4th day of January, 1928, a Chevrolet automobile, near the midnight hour, passed the plantation building on J. A. Cunningham's place over a very bad road, going down into the bottom below the house. It appears that the night was cold, and the ground was in bad condition, and the operation of the automobile over that road at that place and at that time of night attracted the attention of people living on the plantation. In looking out they saw the car drive into the bottom and turn and stop for a few minutes and then come back by the same place.

On the following day, investigation disclosed that a hog had been killed because of the finding of blood and some shells where the hog had been shot. It was testified by a state witness that Dewey Harris killed the hog in the afternoon of January 4th and stated that he was going to get the hog out, and that Crabb was going to pay him a gallon of whisky for killing the hog and getting it to him. It was also testified that Crabb admitted to another state witness that he had hired Harris to steal the hog, and that he got the hog. Also, it was proved that Crabb owned a Chevrolet car of like kind as the one seen on the premises.

It is argued on appeal that proof is insufficient to sustain a conviction of Alton Crabb, and that the alleged confession of Alton Crabb was not sufficient to sustain the conviction because *corpus delicti* was not proved. It is contended that *corpus delicti* consists not only of the killing and taking away of the hog, but of Crabb's connection with it. We do not think this contention is sound. The *corpus delicti* consisted of the theft of the hog; the killing and taking away was sufficient evidence of *corpus delicti*. The confession coupled Crabb with the crime and was sufficient, taken in connection with the other circumstances in the case, to warrant his conviction by the jury.

We have examined the instructions complained of and find no reversible error in them. The judgment of conviction will be affirmed.