EZELL *et al. v.* STATE.

(Division B. Nov. 3, 1930.)

[130 So. 487. No. 29022.]

**R. L. Nichols** and **Colbert Dudley,** for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants were indicted and convicted in the circuit court of petit larceny, the indictment charging that

they did "wilfully, unlawfully and feloniously take, steal and carry away ten chicken hens of the value of one dollar each, and of the total value of ten dollars in money, the personal property of Robt. Russell." The indictment was amended at the trial so as to read Will Russell instead of Robert Russell.

The testimony for the state showed that the chickens were missed the latter part of May, and that they were of a breed known as Rhode Island Reds; that they roosted in trees across the road from the house of Russell. Russell also testified that about the same time a small turkey hen of the common variety disappeared; that this turkey was small and would weigh from six to seven pounds. Evidence as to the turkey was objected to, the indictment charging no theft of the turkey. The district attorney stated that the purpose of the inquiry as to the turkey was to find out what disappeared, and it was a circumstance. The court admitted it, and exception was taken. The state witness testified that the hens and turkey disappeared the latter part of May, but he did not fix definitely the day. There was no evidence of tracking any person from the premises of Russell, or that any car went from Russell's premises, nor did the state witness see the persons who stole the property; and there is no proof that the appellants did not own chickens of the like kind and character and did not own turkeys; but the state introduced a merchant of Meridian, Mississippi, and other witnesses from that point to show that the appellants sold this merchant on the first day of June about six thirty or seven o'clock in the morning, some chickens and a turkey of like description as the ones missed by Mr. Russell. None of the witnesses testified that the chickens sold to this merchant were the identical chickens which were owned by Mr. Russell and which had been stolen. It appears that these appellants had sold the merchant chickens on other occasions, at least once or twice. The appellants lived in Newton county, and the merchant was doing business at Meridian, Mississippi.

There is no statement introduced by the defendants to show that they had any connection with the theft, nor is there any testimony that makes their conduct peculiar or extraordinary, unless it be that they reached the city of Meridian early in the morning, and this cannot be said to be a circumstance which is unusual in its nature, as it is well known that many people in rural sections rise early and go considerable distances from home by six thirty or seven o'clock in the morning.

The first assignment of error is that the court erred in refusing to exclude the testimony offered by the state and directed a verdict for the defendant, on the ground the evidence was insufficient to convict. From the statement of the case made, it is apparent that the proof does not correspond or measure up to the rule as to convictions on circumstantial evidence. See Sorrells v. State, 130 Miss. 300, 94 So. 209; Hogan v. State, 127 Miss. 407, 90 So. 99; Riley v. State, 103 Miss. 633, 60 So. 725; Bowman v. State, 112 Miss. 786, 73 So. 787.

The court below was in error in not sustaining the motion to exclude the testimony and grant the defendant a peremptory instruction, and judgment is reversed, and the caused remanded.

Reversed and remanded.