## Falvey *v.* State.

(Division B.   Nov. 9, 1931.)

[137 So. 543.   No. 29273.]

J. H. Garth, of Hazlehurst, and E. B. Sauls, Jr., A. A. Cohn, and J. W. Cassedy, all of Brookhaven, for appellant.

Wm. A. Shipman, Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Falvey, was jointly indicted with one Levi, alias "Boat" Fairman, of a charge of grand larceny, and was tried separately for the said crime and convicted and sentenced to the state penitentiary for three years.

The main assignment of error is that the corpus delicti was not sufficiently proven for the presumption of law to be applied that a person who is found in the recent possession of stolen property is presumed to be guilty of larceny.

The larceny was of two heifers of the value of fifty dollars. These cattle were confined in a pasture belonging to a third party. On Sunday afternoon, the 11th day of May, 1930, the cattle were missing from the pasture, or failed to come home as usual at nightfall. An investigation was made, and it was found that the cattle had been driven through a breach in the fence between the pasture and the defendant Boat Fairman's place where he was growing a crop. There were cattle tracks and tracks of one man, and a horse track which led into the public road adjoining Fairman's place, these were traced some distance down the road and then the tracks were lost. Subsequently it was learned by the owner of the cattle that some one claimed to have seen the defendant Falvey driving a truck containing cattle. The owner and others interviewed the defendant, and he denied that he was driving the truck containing the cattle, stating that he had had no truck for more than two years and it could not have been him. Several weeks after the cattle were missing they were found in the pasture of one Thomas Price, who stated that he bought

the cattle from the appellant. He also testified to this effect, and testified further that a few days after he bought the cattle the appellant came to him and stated that the cattle were stolen cattle, and that the owner was trying to lay the matter off on the negro, Boat Fairman, but that Fairman was only a hired man, and that while he (the appellant) had bought the cattle, they were stolen cattle, and he advised the purchaser from him to move the cattle where they would not be seen.

There was also testimony of another witness who stated that he saw the appellant on the 13th day of May, the day the cattle were sold to Thomas Price, driving a truck along the highway and that the truck contained cattle. This truck was driven past Brookhaven, Mississippi, a place where there were three markets which bought cattle for marketing purposes; the cattle were driven to the witness Price's place and sold to him.

The Negro, Boat Fairman, disappeared immediately upon the discovery of the theft and had not been located at the time of the trial.

The owner of the cattle, Mr. Hester, testified showing the cattle were stolen from the pasture, and other testimony showed that the appellant sold the cattle, claiming that he bought them from a named person; subsequently, in talking to the purchaser and asking him to remove the cattle, the appellant stated that he bought the cattle from a different person from that one first stated. The appellant himself did not testify and explain how he came into possession of the cattle.

We think the evidence was sufficient to establish corpus delicti as the animals had been confined in a pasture; as it was shown they were missing therefrom on May 11th; as investigation showed they were driven out of the pasture through a breach made in the fence; as accompanying the tracks of the cattle were the tracks of a man and of a horse; as they were driven through a cultivated field adjoining said pasture, and on into a road, where

trace was lost; as early Tuesday morning, the 13th of May, 1930, the appellant was seen driving a truck with cattle in it, and he sold these particular animals to a man in an adjacent county; and as he made conflicting statements to such person as to his possession of the property and urged him to conceal the property, and failed to testify or make, by any other person, any explanation of the circumstances by which he came into possession of the cattle. The cattle having been shown to have been stolen, and the appellant being the first person seen with them in possession after the said theft, the presumption of guilty of larceny applies to him, and there is nothing in this case to rebut or destroy that presumption.

It was also complained that the court erred in giving an instruction for the state. The instruction complained of reads as follows: "The court instructs the jury for the state, that if you believe from the evidence beyond a reasonable doubt, that the two heifers in question were feloniously stolen and carried away from the pasture of Mack Bass, either by the defendant or by the defendant and Boat Fairman, acting in conjunction with each other, then it is the sworn duty of the jury to find the following verdict: 'We, the jury, find the defendant guilty as charged.'"

It was said that this instruction is erroneous for the reason that it authorized the jury to return a verdict of guilty if they believed the cattle in question were feloniously stolen and carried away by the defendant and Boat Fairman, acting in conjunction with each other, and there is absolutely no proof that appellant and Boat Fairman acted in conjunction with each other or acted at all. The statement which the defendant made to the purchaser of the cattle on his second visit—that the owner was trying to lay the whole matter on the hired negro—and the fact that the negro fled from the community upon

the discovery of the theft, coupled with the fact that the cattle were driven through the place occupied by him in growing a crop, is a sufficient predicate for the giving of this instruction.

It appears that the cattle were stolen, and, as soon as the theft was discovered, Fairman fled the community, and that appellant was in possession of the cattle and sold them under a false statement as to where he obtained them or where they came from and whose cattle they were. There was further proof that there were tracks of both a man on foot and some one on horseback at the time the cattle were stolen, and while this proof does not show who the persons were, we think the circumstances indicated were sufficient to justify the giving of the instruction complained of.

We find no reversible error in the trial, and the judgment is affirmed.

Affirmed.