SMITH *v*. STATE.

May 26, 1952.

No. 38396 (59 So. (2d) 74)

Jas. **A. Wiltshire**, for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Holmes, J.

Appellant was indicted in the Circuit Court of Pike County on a charge of larceny, being specifically charged with the theft of a shotgun of the value of $23, the personal property of J. V. Sistrunk. He was tried and convicted and sentenced to pay a fine of $100 and costs.

The proof consisted of the testimony of only two witnesses introduced by the State, namely, J. V. Sistrunk,

the owner of the gun, and his wife, Mrs. J. V. Sistrunk. The proof, according to the testimony of these witnesses, is undisputed and is substantially as follows: Appellant came to the home of J. V. Sistrunk on a Friday night about 10:30 o'clock, and asked to borrow the latter's gun. Sistrunk told him that he didn't make a habit of lending his gun, and appellant replied that if he would lend him the gun he woul return it the next morning and that if he killed two rabbits he would bring appellant one. Thereupon Sistrunk loaned appellant the gun. Appellant did not return the gun the next morning, and on being later accosted by Sistrunk, he told Sistrunk that he had left the gun in a fellow's car and that when the fellow returned, he said he hadn't found a gun in the car. Appellant promised to buy Sistrunk a new gun but never did so.

At the conclusion of the evidence, appellant moved the court to exclude the evidence and direct a verdict for the defendant and this motion was overruled. Appellant offered no evidence and requested a peremptory instruction which was refused.

In view of our conclusion, we consider only appellant's assignments that the trial court erred in refusing to grant the requested peremptory and that the judgment of conviction is not sustained by the evidence.

We are of the opinion that the evidence is insufficient to establish the crime of larceny, and that appellant's request for a peremptory instruction should have been granted. In Simmons v. State, 208 Miss. 523, 44 So. (2d) 857, 858, the court quoted with approval the following from 32 Am. Jur., p. 896, Sec. 10: ██ ''Generally speaking, and in the absence of statutory modifications, it is essential to every larceny that there be (1) a felonious or fraudulent taking or caption, accompanied by (2) the carrying away or asportation by one person of (3) the personal goods or property of another which may be the subject of larceny. Such taking must be (4) without the consent and against the will of the owner,

involving a trespass to the latter's possession or its equivalent, and (5) with a felonious intent on the part of the taker, existing at the time of the taking, to steal the same.''

The evidence fails to prove a felonious or fraudulent taking of the gun without the consent of the owner, and with a felonious intent on the part of the taker, existing at the time of the taking, to steal the same. All that the record discloses is that Sistrunk loaned the gun to appellant and that appellant has not returned it. █ The essential elements of the crime of larceny are not proven. We are of the opinion, therefore, that the trial court should have peremptorily instructed the jury to find the appellant not guilty. Young v. State, Miss., 18 So. (2d) 457. It follows that the judgment of the court below is reversed and the appellant discharged.

Reversed and appellant discharged.

**McGehee, C. J.**, and **Alexander, Hall**, and **Kyle, JJ.**, concur.