Coggins *v.* State

No. 40978          November 17, 1958          106 So. 2d 388

*A. M. Edwards, Jr., Lenore L. Prather, Harvey S. Buck,* West Point, for appellant.

372

*J. R. Griffin*, Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was convicted of grand larceny. The property was stolen in Oak Park, Illinois, and brought by appellant into Clay County, Mississippi, where he was arrested, tried and convicted. Sections 2431 and 2240, Code of 1942. The former section provides that where property is stolen in another State or country and brought into this State, or is stolen in one county in this State and carried into another, the offender may be indicted and tried in any county into or through which the property may have passed, or where the same may be found.

The prosecutrix, owner of the property alleged to have been stolen, lived in Oak Park, Illinois. Appellant had known her for some years. Appellant went to the apartment of the prosecutrix and remained there after the prosecutrix left for her work. When the prosecutrix

returned, her two suitcases, two wrist watches, radio, electric iron, and a quantity of clothing were missing. So was appellant, who was arrested two days later in West Point, Mississippi, in possession of said property.

Appellant admitted he took the property, but said he did not intentionally do so; that he was drunk when he was in the Oak Park apartment of the prosecutrix, and when he took a cab for the railway station, the cab driver took the luggage from the apartment, his own two suitcases being there at the time, and appellant did not know the cab driver took the two suitcases and other property belonging to the prosecutrix. He further claimed he did not see his luggage put on the train at the railway station, and that he did not know he had the property belonging to prosecutrix until he got to West Point, Mississippi.

■■■ Appellant contends that the trial court abused its discretion in refusing to grant a motion for continuance. He had been in jail for eight months prior to the convening of the April 1958 term at which he was indicted and tried. He had no lawyer. He was indicted on April 8th. Although not required by law to do so, on April 9th the court appointed counsel to represent him. Two other attorneys voluntarily assisted in his defense. The trial began April 11 after the motion for continuance was overruled. The proof on motion for continuance was general, the lawyers testifying that they had not had time to adequately prepare for trial. The record indicates appellant was ably and adequately represented. No proof was made on motion for new trial that any other witnesses would have been available if more time had been granted appellant's counsel. We find no ground for holding the trial court abused its discretion in overruling the motion for continuance.

■■■ Appellant complains of the refusal of the following instruction to the jury: ''The court charges the jury for the defendant that under the law, if a man takes

personal property, by mistake, that he commits no larceny.'' We pretermit decision whether this instruction, being an abstract statement, is sufficient to furnish the jury a guide on appellant's theory of the case, because any doubt as to whether the refusal of the quoted instruction constituted reversible error is removed by reading appellant's other instructions, one of which told the jury that to constitute larceny the property must be wrongfully taken with intent to deprive the owner of the same, and to convert the same to defendant's own use, and that unless the jury was so convinced beyond a reasonable doubt, the defendant should be acquitted. If the jury had found as a fact that appellant unintentionally or inadvertently brought the prosecutrix's property from Oak Park, Illinois, to West Point, Mississippi, then it would have acquitted him under the instruction last mentioned. Therefore, assuming the refused instruction was proper, its refusal was not reversible error because the jury was otherwise adequately instructed on appellant's theory.

In arguing that appellant was entitled to a peremptory instruction because the evidence was insufficient to sustain the conviction, appellant says (1) that there is no evidence that appellant stole the property in Oak Park, Illinois; (2) that the State had to rely solely on the presumption or inference of larceny arising from the possession of recently stolen property, and (3) that appellant's explanation of his possession of the property was reasonable and credible and its falsity was not established.

Appellant is wrong on all three contentions. Laying aside the inference arising from appellant's possession, there is circumstantial evidence that he stole the property. He was in the apartment where the property was when the owner left for work, and when the owner returned appellant, and the property, was gone. The possession of the property by appellant two days later

hundreds of miles away, and the inference arising therefrom, was not the only evidence of larceny. Furthermore, appellant's explanation admitted the taking even if he did claim it was inadvertent, and the question then became one whether the taking was larcenous. Appellant's explanation was neither reasonable nor credible. The stolen property was in the closet and other parts of the apartment. It is highly improbable that appellant or the taxi driver could have packed the many items of property in four suitcases, two belonging to appellant and two to the prosecutrix, carried them to the taxi and from thence to the railway station, and then to Mississippi, without appellant being aware that the property of prosecutrix was being taken.

Appellant contends that there was a variance between the indictment, which charged the larceny was committed in Clay County, Mississippi, and the proof, which showed the larceny took place in Oak Park, Illinois; that thereby appellant was not informed of the nature of the crime so as to enable him to prepare his defense, and so that he might thereafter plead former jeopardy. This contention has no merit. Every moment's possession by appellant after the property was stolen amounted to a new asportation. Watson v. State, 36 Miss. 593. The indictment must aver the larceny took place in the county where accused is found possessing it, if he is to be tried there. Johnson v. State, 47 Miss. 671.

Affirmed.

*McGehee, C. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.