## SLAYDON v. STATE

No. 42154          April 9, 1962          139 So. 2d 665

*Jerry Slaydon,* pro se.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Jerry Slaydon, was convicted in the Circuit Court of Hancock County, Mississippi, of grand larceny, and sentenced to five years in the state penitentiary.

The evidence warranted the jury in finding as follows: During the Mardi Gras season, in New Orleans, Louisiana, defendant and Oliver (Sonny Boy) Mitchell stole

a pick-up truck belonging to Pascal Talutto, who had parked it on a street in that city. Defendant "jumped the switch on it", and, with Mitchell, drove it to Hancock County, Mississippi, where he lived. Defendant and Mitchell removed the tires, generator and battery, and disposed of these items in various ways. About two months later the truck was located by Hancock County officers, and it was returned to the owner. Mitchell, defendant's co-indictee (there was a severance), testified for the State. His testimony was confirmed to some extent by defendant's grandfather, and by other evidence. Although officers were looking for him, defendant fled the state and did not return for over a year.

Mississippi Code 1942, Rec., Sec. 2240, provides that a person who is convicted of feloniously taking and carrying away the personal property of another, of the value of $25 or more, shall be guilty of grand larceny.

Code Sec. 2431 states: "Where property is stolen in another state or country and brought into this state, or is stolen in one county in this state and carried into another, the offender may be indicted and tried in any county into or through which the property may have passed, or where the same may be found."

■■ ■ Under the latter statute, every moment's possession by defendant after the property was stolen amounts to a new asportation. ■■ ■ The indictment, as here, must aver the larceny to have been in the county where accused is found possessing the chattel, if he is to be tried there. Coggins v. State, 234 Miss. 369, 106 So. 2d 388 (1958).

■■ ■ Defendant had no counsel in the trial court, but conducted his own defense, and cross-examined witnesses for the State thoroughly. He filed his own brief in this Court. No request for a peremptory instruction or a motion for a new trial was made in the trial court, but nevertheless we have examined carefully the record,

and conclude that the evidence amply supported appellant's conviction, and the judgment of the circuit court, based upon the jury's verdict, should be affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Gillespie,* and *Rodgers, JJ.,* concur.