PEARSON *v.* STATE

No. 42825 December 20, 1963 158 So. 2d 710

*Ernest Kellner,* Greenville; *William Liston,* Winona, for appellant.

G. *Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

The appellant, John L. Pearson, was indicted in Montgomery County at the October 1962 Term of the Circuit Court for the theft of cattle. The case was then tried but the jury was unable to agree and the court entered a "mistrial." On motion of defendant for a change of venue, the case was transferred to Grenada County and was again tried. On the second trial, the jury returned a verdict of guilty, and defendant was sentenced to serve a term of two years in the State Penitentiary. Defendant has appealed from this sentence and judgment to this Court.

The record reveals that the criminal charge brought against appellant by the indictment of the grand jury of Montgomery County grew out of the following facts and circumstances.

Charlie Ballard and John L. Pearson are neighbors. They live about seven or eight miles southeast of Kilmichael in Montgomery County, Mississippi. They are both engaged in farming. Charlie Ballard is also engaged in a small sawmill operation, and John L. Pearson has been in the business of buying and selling cattle. The evidence reveals that Charlie Ballard had three calves, two of which are described in the indictment, (part of which is hereinafter quoted), and were "raised" as pets by Mr. and Mrs. Ballard. They had been fed from a bucket and had been permitted to run at large on the Ballard farm and surrounding land of his neighbors. Mr. Ballard had observed the calves at intervals, but sometime about the latter part of March 1962 the three calves disappeared. Mr. Ballard made a search and discovered that the calves had crossed a creek between his and defendant's farms. They were last seen

on the farm of Mr. L. D. Henson. Mr. Henson testified that he had a conversation with the defendant Pearson, in which Mr. Pearson admitted that he had seen three calves in his pasture and thought they belonged to Mr. Henson.

The evidence introduced by the State shows that the two larger calves were located by the sheriff and identified by the owner, Charlie Ballard. One of the calves was located at the home of E. A. England, and the other calf on a farm in Kentucky. The testimony further reveals that on or about the 1st of April, Harvey Crowley, a cattle buyer, bought two calves from John L. Pearson. It was later discovered that these were the two missing calves belonging the Charlie Ballard. In the meantime Mr. Crowley sold these calves to E. A. England, and Mr. England in turn sold one of the calves at a cattle sale at Starkville, Mississippi. The latter calf is the one found in Kentucky.

At the close of the testimony, defendant moved the court for a directed verdict on the ground that the State had not proved the corpus delicti.

Defendant had 135 to 140 head of cows on his farm at the time these calves were lost. On the day after it was discovered the calves were missing, accused decided to go to the cattle sale in Ripley and he "cut out of his herd * * * six head of calves." He loaded four of these calves on his truck on Monday, April 2, 1962, and proceeded toward Ripley, but after he passed Eupora he had a flat tire and decided not to go to Ripley but to sell the calves to Harvey Crowley. He had done business with Harvey Crowley prior to that time. He sold four calves, including two later determined to belong to Mr. Ballard. He testified that he thought the six calves he "cut out of his herd" were his.

Appellant argues the following assignments of error alleged to have been committed during the trial of the case in the circuit court: 1. The motion of appellant

to quash the indictment should have been sustained. 2. The State failed to prove the corpus delicti. 3. The court failed to instruct the jury on the proper degree of proof required in circumstantial evidence cases. 4. Appellant's motion for a mistrial should have been sustained.

## I.

The indictment presented by the grand jury of Montgomery County against the accused appellant charged that "John L. Pearson, in said County, on the 8th day of October, A. D. 1962, did wilfully, unlawfully and feloniously take, steal and carry away one brown Jersey heifer, approximately 1 year of age, weighing approximately 300 pounds; and, one yellow and white Guernsey heifer, approximately 1 year old, weighing approximately 250 pounds; both of said cattle being at the time the personal property of Charlie Ballard, contrary to the form of the statute in such cases made and provided * * *," etc.

The accused made a motion to quash the indictment upon the ground that it did not show under which of two Code sections it was returned.

It was pointed out that the indictment could have been brought under either of two sections, namely § 2240 or § 2242, Miss. Code 1942, Rec. It was then argued that if the indictment were brought under § 2240, it was fatally defective because it did not allege the value of the property, and if brought under § 2242, it did not follow the statute.

It is, of course, necessary to allege the value of stolen property under § 2240, Code 1942, Rec., but this is not true as to the larceny of cattle under § 2242, Code 1942, Rec. The larceny of cattle is a felony under the latter section, without regard to value of the property stolen. Golden v. The State, 63 Miss. 466. Moreover, it is not ordinarily necessary to designate the statute

under which an indictment is drawn, and an indictment which properly charges the commission of a crime, in the language of the statute, or in words aptly describing or charging the offense, is sufficient. See Autry v. State, 230 Miss. 421, 92 So. 2d 856; Sullivan v. State, 67 Miss. 346, 7 So. 275; Rawls v. State, 70 Miss. 739, 12 So. 584; State v. Bardwell, 72 Miss. 535, 18 So. 377; Richberger v. State, 90 Miss. 806, 44 So. 772; State v. Presley, 91 Miss. 377, 44 So. 827; Riley v. State, 204 Miss. 562, 37 So. 2d 768; Barnes v. State, 239 Miss. 756, 125 So. 2d 293; Dendy v. State, 224 Miss. 208, 79 So. 2d 827. See also § 2242, Miss. Code 1942, Rec. We are of the opinion that the indictment here presented was sufficient to charge the defendant with the theft of cattle under § 2242, Miss. Code 1942, and that the motion filed by appellant to quash the indictment was properly overruled by the court.

## II.

■■■ The argument of appellant that the evidence does not show that the cattle were stolen, and therefore the corpus delicti was not proved, is based upon the theory that the cattle were estrays, lost by their owner, and that in some manner the cattle joined a herd belonging to accused without his knowledge. The accused then sold two of the calves under the mistaken belief that they were his. It is therefore contended that since the calves came into the possession of the accused without having been stolen, he could not have been guilty of larceny although he may have later sold the calves under the impression he was selling his own property. We agree with this theory, provided of course it was done in good faith.

■■■ One of the necessary elements of the ancient crime of larceny is caption. That is to say, before accused can be convicted of grand larceny, it is necessary to show a felonious or fraudulent taking of property

alleged to have been stolen by the person accused. See 32 Am. Jur., Larceny, § § 10, 11, pp. 896, 897.

This Court has been careful to require the State to follow this rule from its early decisions to the present time. See Buchanan v. State, 5 So. 617 (Miss.); Little-john v. State, 59 Miss. 273; Crabb v. State, 152 Miss. 602, 120 So. 569; Simmons v. State, 208 Miss. 523, 44 So. 2d 857; Smith v. State, 214 Miss. 453, 59 So. 2d 74; Crouse v. State, 229 Miss. 15, 89 So. 2d 919; Hubbard v. State, 41 So. 2d 1 (Miss.)

▮▮▮ Although it is true that the State of Mississippi must establish the unlawful taking of another's property with the intention of permanently depriving him thereof, designated as "animus furandi", such taking may be established by circumstantial evidence. Under-hill's Criminal Evidence, 5th Ed., § 605, p. 1476; Coggins v. State, 234 Miss. 369, 106 So. 2d 388; Ezell v. State, 158 Miss. 343, 130 So. 487. The subsequent conduct and dealing with estrayed cattle may be sufficient to establish that the original taking was with an intent to steal. Beatty v. State, 61 Miss. 18.

This Court said in the case of Lupo v. State, 191 So. 491 (Miss.), that "Although the cow, the appellant is alleged to have stolen, may have been trespassing in his field when he took her into his possession, nevertheless, if when he took her into his possession he then intended to steal her, he is guilty of larceny. * * * On the evidence whether he did then so intend was for the determination of the jury."

## III.

Appellant argues that, since he gave a reasonable explanation as to how he came into possession of the calves, the burden of proof was upon the State to disprove his explanation, because the explanation overcame any inference arising out of the fact that the property alleged to have been stolen was recently found in his possession.

He insists, therefore, that he was entitled to a directed verdict of "not guilty." This seems to have been the early rule in Mississippi. See Jones v. State, 30 Miss. 653; Payne v. The State, 57 Miss. 348; Jones v. State, 26 Miss. 247. This rule, however, has gradually undergone a change in this State. It was said in Snowden v. State, 62 Miss. 100, that these "may be said to be extreme cases, where, from the nature of the property and the circumstances attending the finding, it was clearly to be seen that no unfavorable suspicion could be drawn. * * *

"Ordinarily, however, our law remits all such inquiries to the jury, which seems the more appropriate tribunal for them, because it is a presumption not of law, but of fact, and falls more appropriately, therefore, within the province of the jury than of the court."

In the case of Foster v. The State, 52 Miss. 695, this Court said: "Any statements or explanations made by the accused at the time he is found in possession must also be estimated by the jury, and may be so reasonable and probable, in connection with other circumstances, as to greatly weaken the force of the presumption or entirely overcome it.

"It is always a question for the jury, applying to the solution of the problem the common experiences and observations of life, whether they are satisfied, from all the attending circumstances and other facts in evidence, that the possession was honest or felonious."

It is now well-settled that the statement of the defendant and the circumstances surrounding the taking are questions of fact for the determination of the jury. See Lupo v. State, 191 So. 491 (Miss.)

In the case of Calhoun v. State, 191 Miss. 82, 2 So. 2d 802 (1941), this Court again pointed out the ancient rule and said: "It was held in Davis v. State, 50 Miss. 86, that the possession must be recent after the loss in order to impute guilt; and this presumption is founded

on the manifest reason that, where goods have been taken from one person, and are quickly thereafter found in the possession of another, there is a strong probability that they were taken by the latter. * * * It was held in that case that where a man, in whose possession stolen property is found, gives a reasonable account of how he came by it, it is incumbent on the prosecution to show that the account is false.'' The Court cited many cases.

In the case of Minor v. State, 234 Miss. 140, 106 So. 2d 41, this Court quoted from 52 C. J. S., Larceny, § 110, as follows: ''Where accused gives a reasonable and credible explanation of his possession, or one which is sufficient to raise a reasonable doubt as to his guilt, the presumption or inference is overcome, and the burden is on the presumption to establish the falsity of the explanation.

''The sufficiency of accused's explanation must be tested by the same rules that apply to evidence generally. While the reasonableness or credibility of his explanation is ordinarily a question of fact for the jury, as discussed in infra '§ 141, if his explanation is reasonable, and probable, the jury must give it proper consideration, and should not find him guilty unless the state disproves the facts stated by him beyond a reasonable doubt, or there are other circumstances in the case which justify his conviction * * *''

 █ It is the rule, therefore, that the presumption of guilt, which arises from the possession of goods recently stolen, may be rebutted by an explanation or an account given by the accused as to how he acquired possession. The explanation, however, must be both reasonable and credible. (Coggins v. State, 234 Miss. 369, 106 So. 2d 388.) If it answers these requirements, the burden is then upon the prosecution to prove its falsity; but if it is unreasonable or improbable, the burden of proving its truth is upon accused. In all

cases the jury is the sole judge as to whether or not an explanation given by accused is reasonable and credible. Payne v. The State, 57 Miss. 348. Moreover, where there are other circumstances and proven facts, the jury may take such evidence into consideration in determining whether or not the taking was with felonious intent to steal. It only becomes a question of law for the judge's determination when the evidence fails to establish criminal intent to steal beyond a reasonable doubt at the time of the taking. See Ezell v. State, 158 Miss. 343, 130 So. 487.

In the instant case, we are of the opinion that the evidence was sufficient to withstand a motion for a directed verdict. On the other hand, the evidence is such that reasonable men could differ in their interpretation of inferences to be drawn from the evidence as favorable or unfavorable to defendant. We have reached the conclusion that this case should be submitted to another jury, and we will not detail the evidence. We point out, however, that this case does not have the attending circumstances ordinarily found in a case of this nature. See Falvey v. State, 161 Miss. 661, 137 So. 543. In that case evidence was introduced showing that the pasture fence was breached, and there were tracks leading from the breach in the fence.

## IV.

This Court is occasionally called upon to determine rare cases in which it is apparent that a new trial should be granted, although there is no reversible error assigned. We have granted new trials in such cases, on the evidence shown in the record. See Conway v. State, 177 Miss. 461, 171 So. 16; Creed v. State, 179 Miss. 700, 176 So. 596; Dickerson v. State, 54 So. 2d 925 (Miss.); Folks v. State, 230 Miss. 217, 92 So. 2d 461. We think this case comes within this category, and therefore a new trial is granted.

██ ██ We are of the opinion that the assignment of error in which appellant complained that the trial court did not instruct the jury on circumstantial evidence is not well-taken, because there is also direct evidence, and the court is not required to instruct on circumstantial evidence unless the prosecution is based entirely thereon. See Blakeney v. State, 225 Miss. 130, 82 So. 2d 714; Burgess v. State, 245 Miss. 1, 145 So. 2d 160.

For the reasons above-stated, this case is reversed and remanded for a new trial.

Reversed and remanded.

*Kyle, Ethridge, Rodgers and Jones, JJ.,* concur.