FOLKS *v.* STATE

No. 40395 February 11, 1957 92 So. 2d 461

*Wingo & Finch,* Hattiesburg, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

McGEHEE, C. J.

The appellant Johnny Folks was convicted of manslaughter and sentenced to imprisonment in the state penitentiary for a period of seven years for the killing of his brother-in-law W. E. "Bill" Davis. On this appeal he assigns as grounds for a reversal, first, that the trial court committed reversible error in refusing an instruction requested by the defendant, and, second, the trial court committed reversible error in failing to sustain the defendant's motion for a new trial, among other grounds for which was that the verdict of the jury was contrary to the law and the great weight of the evidence.

As to the refused instruction which told the jury that if the defendant shot W. E. "Bill" Davis either in lawful defense of his own person or in lawful defense of his sister-in-law Mrs. Eunice Davis, wife of the deceased, and that at the time of the shooting there was

reasonable ground for the defendant to believe, and he did believe, a design existed on the part of said W. E. "Bill" Davis to kill him or his sister-in-law, or to do some great bodily harm to him or his sister-in-law, and that there was great danger of such design being accomplished, you will return a verdict of not guilty.

 ██ The defendant obtained a separate instruction which was to all intents and purposes the same as the instruction hereinbefore mentioned, except that it was confined to his right to defend his own life or himself against great bodily harm. He would have been entitled to the instruction which was refused if there had been sufficient proof that Mrs. Eunice Davis was in any real or apparent danger of losing her life or sustaining great bodily harm at the hands of W. E. "Bill" Davis at the time he was shot. The proof did disclose without conflict that Davis had beat his wife numerous times and that he leaned into the car where she was sitting, reached toward her and threatened to kill her, at about which time the appellant asked him not to harm his wife in view of her then physical condition and was backing away from Davis, after the latter had threatened him and was advancing on him. But the appellant had reached a point which was 15 to 20 feet to the rear of the car before he shot Davis while continuing to back away from him, and at a distance of 3 or 4 feet from him. It was shown that Davis usually carried a large switchblade knife on his person, even though it later developed that he was unarmed on the occasion in question. However, under these circumstances we do not think that a reversible error was committed by the trial judge in refusing the instruction hereinbefore first mentioned.

However, the appellant's assignment of error, which is argued to some extent in his brief, to the effect that the trial court erred in overruling his motion for a new trial on the ground that his conviction and sentence were

contrary to the law and the great weight of the evidence, has given us considerable concern.

There are a number of extenuating circumstances, however, in favor of the appellant, as disclosed by this record, and this tragedy was very unfortunate. The appellant had protested to his sister-in-law, the wife of deceased, that he did not want to go with her to get her two children away from the deceased who had gone off with them in a car while under the influence of intoxicating liquors, since the appellant did not want to get involved in any family trouble. But when she stated that she would walk and go to Petal in search of her children he naturally then agreed to take her because she was in no physical condition to walk that far, on account of her being in an advanced stage of pregnancy.

Mrs. Davis had told the appellant, when asking him to go with her to get her children from her drunken husband, that ''Bill has gone and stole my two babies; he is drunk, and he'll kill them; he is liable to go off in the river with them''.

The appellant's wife had gotten his pistol out of the house, but not for the purpose of giving it to him, but to another member of the family who had also been threatened by Davis, and the appellant took charge of the pistol and placed it in the car, and in support of his theory that he had no intention of using it to shoot the deceased it appears that when the appellant, his wife and his own children and Mrs. Davis were in search of the deceased they stopped on the way and induced a friend of the deceased to go with them for the purpose of interceding with him to get him to return the children to their mother; and they also tried to contact an officer by telephone to enlist his aid in that behalf. The appellant's wife was present throughout the happening of all of the foregoing events, but was physically unable to attend the trial and testify as a witness in his behalf.

In the case of Conway v. State, 177 Miss. 461, 171 So. 16, this Court, speaking through Judge Anderson, said: "It is rare that a trial, or an appellate, court is justified in setting up its judgment against that of the jury on an issue of fact, nevertheless it should do so in a proper case, and we think this is one of that character."

■■■ We have concluded that the ends of justice will be better served by reversing and remanding this case and permitting another jury to pass on the issue as to whether or not the appellant had good cause to believe, and did believe, in view of the disparity in the size of the two men, that he was in either real or apparent danger of death or great bodily harm at the hands of the deceased at the time he shot him.

It should be observed that the defendant in his testimony stated that his name was "Johnnie Folks". However, he was indicted as "Johnny Folks", and the case is so styled here and the appeal bond is so signed. No point is made as to the variance between the indictment and the proof in that regard.

Reversed and remanded.

*Hall, Kyle, Arrington* and *Gillespie*, JJ., concur.