526 So.2d 531 (1988)
Dexter CALHOUN
v.
STATE of Mississippi.
No. 57778.
Supreme Court of Mississippi.
June 3, 1988.
*532 Gregory L. Harper, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Al Nuzzo, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
Dexter Calhoun was found guilty of murder by the Circuit Court of the First Judicial District of Hinds County, and sentenced to life imprisonment. Calhoun now appeals this verdict and sentence. We reverse and remand.
Tammy Jones had lived with John Lougin for approximately four years until they broke up in October, 1985. During this period they had three children. Following the break-up, Tammy began seeing Dexter Calhoun in November, 1985, and by December, 1985, Tammy and Calhoun were living together. There was "bad blood" between Lougin and Calhoun over which would receive the favors of Tammy.
On the night of February 19, 1986, Tammy and Calhoun were at their home in Jackson, Mississippi. Tammy's children as well as Calhoun's friend, Lang Tillman, were at the residence. Lougin called on the telephone to speak to Tammy, but Calhoun told Lougin that Tammy was not home. About forty-five minutes later, Lougin arrived at the house, along with his friend, Willie Bracey, wishing to speak to Tammy.
Calhoun let Lougin and Bracey in the house and there was no trouble at first; however, when Lougin asked Tammy to step out on the porch so that they could talk, the situation turned "ugly", and an argument ensued. Lougin informed Tammy that he would "stomp" her if she declined to talk to him. Tammy refused to talk privately with Lougin wherein Lougin and Bracey were asked to leave. Lougin quickly exited out of the front door walking towards his parked automobile and stating that he would be right back. At this point, Calhoun procured a twenty-gauge shotgun from a bedroom in the house, entered the front doorway, took aim at Lougin as he reached the passenger's side of the automobile and fired one shot which struck Lougin in the right side. After being wounded, Lougin crawled around the front of the automobile to the driver's side, pulled himself inside, started the car, and drove off. A short time later, Lougin wrecked the automobile and he was subsequently transported to University Medical Center where he died the next morning from the multiple wounds caused by the shotgun blast.
Calhoun was subsequently charged and indicted for the murder of Lougin. In the trial below, Calhoun sought to prove that he killed Lougin in defense of Tammy and of himself. Appellant argued in furtherance of this defense that he believed Lougin was going to his car to procure a weapon because of Lougin's statements that he would "stomp" Tammy and that he would be "right back". Further, Tammy, among others, had previously told appellant that Lougin intended to do him harm. An inventory of Lougin's automobile failed to reveal the presence of any weapons.
After considering all of the evidence and testimony, the jury found appellant guilty of murdering Lougin, and he was subsequently sentenced to life imprisonment, *533 from which he now appeals, assigning ten errors. Only one merits discussion.

DID THE LOWER COURT ERR IN REFUSING PROPOSED JURY INSTRUCTION D-6?
Calhoun argues that the trial court erred in refusing proposed jury instruction D-6, a self-defense instruction, which provided that:
The court instructs the jury that a man has a right to use a deadly weapon to defend himself against an attack made on him by the assaulted party if it reasonably appeared to him to be necessary to protect himself from death or great bodily harm. If you find from the evidence that it reasonably appeared necessary to Dexter Calhoun to fire a gun at the deceased to protect himself, Tammy Jones and/or her children, from great bodily harm, then you must find the Defendant not guilty. (Emphasis added).
Instruction D-4 was given by the lower court as follows:
The Court instructs the jury that self-defense is a law of necessity. Every human being has a right to defend himself against death or serious bodily harm. But in order to justify the use of deadly force in defense, it must appear that the person attacked was so situated and endangered that he honestly believed, and that he had reasonable grounds for believing, that he was in imminent danger of death or serious bodily harm.
The circumstances under which he acted must have been such as to produce in the mind of a reasonably prudent person, similarly situated, the belief that the other person was then about to kill him, or to do him serious bodily harm.
Therefore, if you the jury, believe that the actions, if any, of John Lougin gave Dexter Calhoun reasonable grounds to fear that Dexter Calhoun's life was in danger or that there was imminent danger of serious personal injury to Dexter Calhoun; and that Dexter Calhoun used no more force than was necessary under the circumstances then and there existing to protect himself from such imminent danger, then you must find the Defendant not guilty.
The trial court refused Instruction D-6 on the basis that it was "repetitious". In regard to Calhoun's argument, it must first be noted that a trial court is not required to instruct a jury over and over on a point of law even though some variations are used in different instructions. Laney v. State, 486 So.2d 1242, 1246 (Miss. 1986); Groseclose v. State, 440 So.2d 297 (Miss. 1983). Further, if when all instructions are read together, the jury is fully and fairly instructed by other instructions the refusal of other similar instructions is not reversible error. Laney, supra; Groseclose, supra; Barr v. State, 359 So.2d 334 (Miss. 1978). The question thus becomes whether or not Instruction D-4 as set out above fully instructed the jury on the law of self-defense applicable to the present case.
As is apparent, Calhoun sought by requesting Instruction D-6, to inform the jury that self-defense may be applicable where a defendant reasonably believed that another person, in addition to himself, may be in danger of imminent death or great bodily injury. See, Folks v. State, 230 Miss. 217, 92 So.2d 461 (1957). The record is replete with evidence showing threats made by the deceased toward Tammy, not only on the night in question but on prior occasions. In granting Instruction D-4, the lower court, itself, determined that the evidence at trial was such as to merit instructing the jury on self-defense. Once this decision was made by the trial court, the instructions must have been such as to fully and fairly instruct the jury on the law of self-defense. Laney, supra; Groseclose, supra. In failing to inform the jury that Calhoun could act in the defense of Tammy, pursuant to requested Instruction D-6, the lower court's instructions concerning this area of the law, as applicable to the case sub judice, were deficient. Consequently, Calhoun's verdict and sentence are reversed.
REVERSED AND REMANDED FOR A NEW TRIAL.
*534 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.