PIERCE, Justice,
Dissenting:
¶ 32. The Majority finds error principally in that the jury whs not instructed to consider Maye’s behavior “by the facts and circumstances by which he was surrounded.”[4] Taken as a whole, the instructions, so the Majority says, “did not tell the jury how to” determine whether the defendant’s acts were reasonable.[5] The Majority also suggests that this error was compounded because Maye’s asserted defense of his infant daughter was not covered by other instructions. Neither by themselves nor in tandem do these errors, if errors at all, rise to the level of abuse of discretion.
¶ 33. First, the Majority asserts that the jury should have been instructed to “judge ... [the defendant’s] acts by the facts and circumstances by which he was surrounded.”[6] The Court of Appeals already has addressed this “how-to” argument. It has said that “[w]hen the trial court gives a Robinson[7] instruction, the trial court does not err when it does not instruct the jury to examine the circumstances at the time of the incident from the defendant’s viewpoint.”[8] I agree with the Court of Appeals. In Cohen v. State, we said that the Robinson instruction “clearly and comprehensively sets out the theory of self-defense.”[9] If today’s holding is the law, then the Robinson instruction is incomplete, and we should (as we did in Reddix v. State[10]) recommend one that will stand up to our scrutiny.
¶ 34. Even if we decline to follow this precedent, we should remember that, if all instructions taken as a whole fairly, but not necessarily perfectly, announce the applicable rules of law, no error results.[11] A *1137 comment on how to determine reasonableness is, manifestly, a comment on reasonableness. Instruction 6 clearly instructed that “[I]t is for the jury to determine the reasonableness of the grounds upon which the defendant acts.” Reasonableness undeniably was covered in the jury instructions. Whether it was fairly covered is a matter about which reasonable persons could disagree. Matters of reasonable disagreement are the essence of trial-court discretion. And jury instructions are within the discretion of the trial court.[12] So, I cannot agree with this line of reasoning.
¶ 35. The other reasoning for error articulated by the Majority is that the denied instruction would have advanced Maye’s theory that this killing happened as a result of his defense of his infant child. This reasoning fails for two reasons.
¶ 36. First, we have never said that the mere presence of a third party during some circumstance of violence .that might warrant a self-defense instruction will warrant a defense-of-others instructions. Our contrasting dispositions of two cases was illustrative. In Calhoun v. State, we reversed because a defense-of-others instruction was not granted.[13] There, an ex-boyfriend came to the home of Tammy Jones and her new live-in boyfriend, Dexter Calhoun.[14] After exchanging heated words with Tammy, the ex-boyfriend marched to his automobile, threatening to “be right back” and “stomp her.” As the ex-boyfriend was leaning into the passenger side of his automobile, Calhoun shot and mortally wounded him.[15]
¶ 37. Contrast that with Folks v. State, where we granted of a self-defense instruction but not a defense-of-others instruction.[16] There, Johnny Folks, his wife, and his sister-in-law went looking for her husband, Bill Davis, who was drunk. When the group found Davis (known to carry a switchblade), Davis advanced upon Folks, who shot Davis. There we said that Folks “would have been entitled to the [defense-of-others] instruction ... if there had been sufficient proof that Mrs. Eunice Davis was in any real or apparent danger of losing her life or sustaining great bodily harm at the hands of W.E. ‘Bill’ Davis at the time he was shot.”[17]
¶ 38. One fact which distinguishes Calhoun and Folks is the articulated threat against the third person in Calhoun that we did not find in Folks. There is no evidence of a threat specifically articulated toward the infant in the room; Maye seeks this instruction based on her presence alone.
¶ 39. Further, my first point complements my second: The necessary finding by the jury that Maye knew the intruder was a police officer negates any logical argument for this additional theory. That finding of fact, by which we are bound, is logically independent of the presence or absence of a defense-of-others instruction, and Maye offered no evidence that Jones, personally, or the police, generally, had some design to harm the infant. Accepting as true the jury’s finding of fact that Maye knew Jones to be a peace officer — as we must — we can only conclude that Maye offered no evidentiary basis for his defense-of-others theory. While it is true *1138 that in homicide cases, the trial court should instruct the jury about a defendant’s theories of defense no matter how meager or unlikely,[18] we also have regularly upheld denials of self-defense instructions because “simply claiming self-defense does not make it so.”[19] The same standard should to apply to defense of others.
CONCLUSION
¶ 40. The Majority finds error because the jury was not instructed to consider the facts from the perspective of Maye and because the jury was not instructed on his defense-of-others theory. On the first point, the Majority neglects a good rule from the Court of Appeals. On the second point, it finds error in the denial of a jury instruction which is logically inconsistent with an independent finding of fact by the jury. From the Majority’s discussion of jury instructions, I respectfully dissent.
¶ 41. Further, this Court is not addressing the Court of Appeals’ analysis of Maye’s Motion to Reconsider Change of Venue. While I think the Court of Appeals was incorrect in its analysis of that issue, that discussion is for another day. I do agree, however, that Maye can, upon reversal, reassert his right to be tried in the county where the offense occurred, consistent with our ruling in State v. Caldwell,[20]
LAMAR, J., JOINS THIS OPINION IN PART.

. Maj. Op. ¶ at 17 (quoting Scott v. State, 42 So. 184, 185 (Miss.1906)).

. Maj. Op. ¶ at 15.

. Maj. Op. at ¶ 17 (quoting Scott v. State, 42 So. 184, 184-84 (Miss.1906)).

. Instruction 6 was nearly identical to the recommended self-defense instruction in Robinson v. State, 434 So.2d 206 (Miss.1983) and Reddix v. State, 731 So.2d 591, 595 (Miss.1999).

. Johnson v. State, 749 So.2d 369, 373 (Miss.Ct.App.1999) (emphasis added).

. Cohen v. State, 732 So.2d 867, 872 (Miss.1998).

. Reddix v. State, 731 So.2d 591 (Miss.1999).

. Milano v. State, 790 So.2d 179, 184 (Miss.2001).

. Higgins v. State, 725 So.2d 220, 223 (Miss.1998).

. Calhoun v. State, 526 So.2d 531, 533 (Miss.1988).

. Id. at 532.

. Id.

. Folks v. State, 230 Miss. 217, 220, 92 So.2d 461 (1957).

. Id.

. Manuel v. State, 667 So.2d 590, 593 (Miss.1995)

. Strong v. State, 600 So.2d 199, 203 (Miss.1992).

. State v. Caldwell, 492 So.2d 575, 577 (Miss.1986).